COHEN, LEDER, MONTALBANO & CONNAUGHTON, L.L.C.
River Drive Center II
669 River Drive, Suite 125
Elmwood Park, NJ 07407
908-298-8800
*Attorneys for Petitioners*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### NEWARK VICINAGE

| | |
|---|---|
| BOARD OF TRUSTEES OF THE TEAMSTERS INDUSTRIAL EMPLOYEES WELFARE FUND and BOARD OF TRUSTEES OF THE TRUCKING EMPLOYEES OF NORTH JERSEY ANNUITY FUND, <br><br> Petitioners, <br><br> vs. <br><br> FERREIRA CONSTRUCTION COMPANY, INC., <br><br> Respondent. | Civil Action <br><br> Docket No. <br><br><br><br> **MOTION TO CONFIRM ARBITRATION AWARD** |

Petitioner, the BOARD OF TRUSTEES OF THE TEAMSTERS INDUSTRIAL EMPLOYEES WELFARE FUND (WELFARE FUND) and the BOARD OF TRUSTEES OF THE TRUCKING EMPLOYEES OF NORTH JERSEY ANNUITY FUND ("ANNUITY FUND") (collectively referred to as "Petitioner Funds"), seek confirmation of an Arbitration Award against Respondent, FERREIRA CONSTRUCTION COMPANY, INC. ("Ferreira" or "Respondent"), and Entry of Judgment in conformity with the Arbitration Award.

### SUMMARY OF PETITION

This is a Motion is filed pursuant to the FEDERAL ARBITRATION ACT ("FAA"), 9 U.S.C. §§ 1-13, to confirm an Arbitration Award entered in accordance with the EMPLOYEE RETIREMENT

INCOME SECURITY ACT, ("ERISA") 29 U.S.C. 1001, *et seq.*, an ERISA Fund's Trust Indenture and a collective bargaining agreement subject to the Labor-Management Relations Act, 29 U.S.C. § 185, and to enter a Judgment in conformity with the Arbitration Award. In particular, this Motion is brought under Rule 7 of the FEDERAL RULES OF CIVIL PROCEDURE, as well as 9 U.S.C. §6 of the FAA which provides in relevant part that "[a]ny application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions...."

## PARTIES AND JURISDICTION

1. Petitioner Welfare Fund is a multi-employer employee welfare benefit plan as defined in ERISA. Petitioner Annuity Fund is a multi-employer employee annuity benefit plan as defined in ERISA. The Petitioners Funds are administered pursuant to ERISA and maintain administrative offices at Teamsters Building, 707 Summit Avenue, Union City, New Jersey 07087.

2. Non-party to this action, Local 560, International Brotherhood of Teamsters is a labor organization within the meaning of § 2(5) of the LABOR MANAGEMENT RELATIONS ACT, 29 U.S.C. § 152(5), ("LMRA") and is the sole and exclusive bargaining representative for a group of bargaining unit employees in the Respondent's employ.

3. Respondent is a New Jersey based corporation licensed and permitted to conduct business in the State in New Jersey and is an employer within the meaning of § 2(2) of the LMRA, 29 U.S.C. § 152(2). At all times relevant to this matter, Respondent was in the business of providing services and materials, transportation infrastructure, civil construction, utility/power construction, emergency management and construction management, and was located at 31 Tannery Road, Branchburg, NJ 08876.

4. The arbitration awards that are the subject of this proceeding for confirmation arose from and was rendered pursuant to the ERISA Funds' Trust Indentures and a collective bargaining agreement within the meaning of the LABOR-MANAGEMENT RELATIONS ACT, 29 U.S.C. § 185.

5. This Court has jurisdiction over these proceedings pursuant to 9 U.S.C. §§ 1-13, Section 301 of the NATIONAL LABOR RELATIONS ACT, 29 U.S.C. 185 and Section 502 of ERISA, 29 U.S.C. §1132, and §§1001 *et seq.*, as this matter concerns a dispute based on a Collective Bargaining Agreement. This Court also has jurisdiction over these proceedings pursuant to 28 U.S.C. § 1331.

6. Venue is proper in this District pursuant to §9 of the FAA, U.S.C. § 9, as well as 28 U.S.C. § 1391, and 29 U.S.C. § 185 since Petitioners and Respondent maintain their businesses in the state of New Jersey and the underlying arbitration was conducted in New Jersey.

## FACTS

7. Non-party Local 560 and Ferreira are party to a collective bargaining agreement ("Agreement") for the term for the April 1, 2015 through March 31, 2018, which sets forth various terms and conditions of employment for bargaining unit employees in Respondent's employ which include, *inter alia*, that Respondent was obligated to remit, on a monthly basis, welfare and annuity contributions to the TIE Welfare Fund and TENJ Annuity Funds on behalf of all the employees performing bargaining unit work at its New Jersey work sites. See Affidavit of Brian McCloskey, Controller for Teamsters Industrial Employees Welfare Fund ("McCloskey Aff."), par. 5-6; Affidavit of Paul A. Montalbano, Esq., par. 5, Exhibit A.

8. On October 20, 2017, McCloskey sent a letter to Louis Pacheco of Ferreira advising of discrepancies with Ferreira's accounts, based upon information provided by Respondent to the Benefit Fund Office in the employer contribution reports related to the Teamsters Industrial Employees Welfare Fund. This letter advised that Ferreira owed $552.30 in unpaid employer contributions and $130.98 in employer interest due. McCloskey Aff., par. 8.

9. On October 23, 2017, McCloskey sent a letter to Louis Pacheco of Ferreira advising of discrepancies with Ferreira's accounts, based upon information provided by Respondent to the Benefit Fund Office in the employer contribution reports related to the Trucking Employees of

3

North Jersey Annuity Fund. This letter advised that Ferreira owed $5441.44 in unpaid employer contributions and $35.17 in employer interest due. McCloskey Aff., par. 9.

10. In both the October 20 and 23 letters, Fund Controller McCloskey advised that payment was due within twenty (20) days from the date of the letter, and that if payment was received beyond such date, additional interest assessment would accrue on all unpaid employer contributions. McCloskey Aff., par. 10.

11. The Fund received no payment in response to discrepancy letters related to the Teamsters Industrial Employees Welfare Fund sent to Louis Pacheco via USPS and via email on the following dates: 5/6/2016, 6/6/2016, 7/11/2016, 8/4/2016. After receiving no resolution, the matter was forwarded to the Fund attorneys on 8/4/2016. McCloskey Aff., par. 11.

12. The Fund sent additional discrepancy letters each month thereafter to Louis Pacheco via USPS. After receiving no payment in response to the discrepancy letters, the matter was again submitted to the Fund attorneys again on 9/7/2017. McCloskey Aff., par. 12.

13. Discrepancy letters related to the Trucking Employees of North Jersey Annuity Fund were sent to Louis Pacheco monthly via USPS. Discrepancy letters were also sent via email on the following dates: 6/9/2016, 7/11/2016, 9/14/2016, 1/9/2017, 2/6/2017, 3/7/2017, 5/4/2017. After no payment or resolution was reached, the matter was forwarded to Fund attorneys on 8/4/2016 and again on 9/7/2017. McCloskey Aff., par. 13.

14. Despite the Funds' attempts to resolve the matter, such a resolution was not reached. McCloskey Aff., par. 14.

15. On September 8, 2017, the Funds' legal counsel, Paul A. Montalbano sent a letter submitting the matter to arbitration, and requested issuance of a Notice of Hearing. Montalbano Aff., par. 7.

16. On September 11, 2017, Arbitrator Gerard Restaino issued a Notice of Hearing, by first class and certified mail to Louis Pacheco of Ferreira Construction Company, Inc. and Paul A. Montalbano, Esq., advising Ferreira that the hearing was to take place at 11:00 am on October 23, 2017 at the offices of Cohen, Leder, Montalbano & Connaughton, River Drive Center 2, 669 River Drive, Suite 125, Elmwood Park NJ, concerning the Issue of Delinquent Contributions. Montalbano Aff., par. 8, Exhibit B, pg. 7-8.

17. As evidenced by the signed Return Receipt, the Notice of Hearing was received and signed for by Therese Cullo, an Agent of Ferreira. Montalbano Aff., par. 9, Exhibit B, pg. 7-8.

18. Counsel to the Funds, Paul A. Montalbano appeared for the hearing on October 23, 2017. No one appeared on behalf of Ferreira. Montalbano Aff., par. 10.

19. The hearing proceeded as scheduled, with the Funds presenting both documentary and oral testimonial evidence to support their claims that Ferreira was delinquent in contributions and interest. Montalbano Aff., par. 11.

20. On November 16, 2017, Arbitrator Restaino issued his Opinion and Award. In the Opinion and Award, Arbitrator Restaino applied the terms of the applicable CBA and opined that the CBA obligates the Company to make the Welfare and Annuity contributions as well as interest, liquidated damages of 20% and attorney's fees and costs of the arbitration fees. Montalbano Aff., par. 12, Exhibit B.

21. Arbitrator Restaino further opined that it was the Employer's obligation to appear at the hearing and present its case in chief. However, the Employer did not appear or submit any written documentation. The Arbitrator noted that the Employer was notified of the hearing by first class mail and Certified, Return Receipt Requested. Montalbano Aff., par. 13, Exhibit B.

22. Having heard the proofs and allegations presented, the Award held the following:

The Funds reserve the right to conduct an audit. The Employer, Ferreira Construction Trucking is delinquent to the TIE Welfare and TENJ Annuity Funds plus penalties, attorney's fees, arbitration costs, and shall make the following payments to the Funds:

Discrepancy Letter 24552 (TENJ) Annuity- Contributions- $5406.27
Interest-$35.15
Liquidated Damages @ 20%- $1081.25
Attorney's Fees 3 hours, $320 per hour- $960.00
Discrepancy Letter 452 (TIE) Welfare- Contributions- $14546.55
Interest- $897.29
Liquidated Damages @ 20%- $2909.31
Attorney's Fees 3 hours, $320 per hour- $960.00
Total- $19313.15
Arbitrator's Fees $2500
Total Amount owed to Funds by Employer- $29295.82

The Employer shall reimburse the Funds $2500 for arbitration costs and shall also be obligated to pay additional attorney's fees, including costs actually incurred in any post-arbitration collection proceeding.

The Employer shall also be obligated to pay a per diem interest of $2.05 (TENJ Annuity) and $5.29 (TIE Welfare) from the date of this award until all delinquent contributions are paid in full. Montalbano Aff., par. 14, Exhibit B.

23. Ferreira was served with a copy of the Arbitration Opinion and Award, and has failed and refused to comply with same. Montalbano Aff., par. 15, Exhibit B.

24. To date, Ferreira has not responded nor made any of the Ordered payments to the Funds. Montalbano Aff., par. 16.

25. The Welfare Fund and Annuity Fund are entitled to confirmation of the Arbitration Award and Entry of Judgment in conformity with the award pursuant to the LMRA, 29 U.S.C. § 185, as well as §§ 9 & 13 of the FAA, 9 U.S.C. §9 *et seq*.

**WHEREFORE**, Petitioners, BOARD OF TRUSTEES OF THE TEAMSTERS INDUSTRIAL EMPLOYEES WELFARE FUND and the BOARD OF TRUSTEES OF THE TRUCKING EMPLOYEES OF NORTH JERSEY ANNUITY FUND seeks confirmation of an arbitration award against Respondent, FERRERIA CONSTRUCTION COMPANY, respectfully move this Court to proceed expeditiously and without hearing under F.R.C.P 78, and to enter an

order confirming the Arbitration Award, directing and entering judgment against Respondent, as follows:

A. Enter an Order confirming the Opinion and Award of Arbitrator Gerard Restaino dated November 16, 2017;

B. Order Respondent to pay to the Welfare Fund the unpaid contributions, interest, liquidated damages, arbitration fees, attorney's fees and arbitration costs associated with the arbitration in the total amount of $20,563.15, along with entry of a judgment in such amount;

B. Order Respondent to pay to the Annuity Fund the unpaid contributions, interest, liquidated damages, arbitration fees, attorney's fees and arbitration costs associated with the arbitration in the total amount of $8,733.67, along with entry of a judgment in such amount;

C. Order the Respondent to pay per diem interest of $2.05 to the TENJ Annuity Fund and $5.29 to the TIE Welfare Fund until all delinquent contributions are paid in full;

D. Order the Respondent to pay attorney's fees and costs for this confirmation action; and

E. Grant to Petitioners such further relief as the Court deems just and proper.

Respectfully submitted,

Dated: January 5, 2018

*[signature]*
Brady M. Connaughton
*Attorney for Petitioners*,
BOARD OF TRUSTEES OF THE TEAMSTERS
INDUSTRIAL EMPLOYEES WELFARE FUND
and the BOARD OF TRUSTEES OF THE
TRUCKING EMPLOYEES OF NORTH JERSEY
ANNUITY FUND